IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-03465-PAB

WORLDWIDE ENERGY & MANUFACTURING USA, INC.,

    Plaintiff,

v.

HAWLIN CHENG,

    Defendant.

**ORDER**

The Court takes up this matter *sua sponte* on plaintiff Worldwide Energy & Manufacturing USA, Inc.'s complaint [Docket No. 1]. Plaintiff alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 1, ¶ 4. With respect to the citizenship of the parties, the complaint alleges that:

> 1. Worldwide is incorporated under Colorado law with its principal place of business at 1675 Rollins Road, Burlingame, California 94010. Worldwide is a citizen of Colorado pursuant to 28 U.S.C. § 1332(c).
>
> 2. Upon information and belief, Hawlin (Ann) Cheng . . . is a resident of California.

*Id.* at 1, ¶¶ 1-2.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427

F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. See *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Laughlin*, 50 F.3d at 873. Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. See *U.S. Fire Ins. Co. v. Pinkard Const. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009). "Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

Plaintiff invokes 28 U.S.C. § 1332 as the basis for this Court's diversity jurisdiction. Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Where, as here, a corporation's place of incorporation and principal place of business are in different states, the corporation is considered a dual citizen of both the state by which it has

been incorporated and the state where it has its principal place of business. *See Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994); 13 Charles Alan Wright et al., *Federal Practice and Procedure* § 3624 (3d ed. 2014) ("[t]he principal effect of Section 1332(c) is obviously to establish dual citizenship for most corporations").

Here, plaintiff is incorporated in Colorado and its principal place of business is in California. Docket No. 1 at 1, ¶ 1. Thus, for diversity purposes, plaintiff is a citizen of both Colorado and California. The complaint contains a single allegation concerning defendant's citizenship, which states that defendant is a resident of California. As a result, the Court finds that defendant is a citizen of California.[1] *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("residence is *prima facie* the domicile"). Because plaintiff and defendant are both citizens of California, diversity of citizenship does not exist. *Cf. Gadlin v. Synbron Int'l Corp.*, 222 F.3d 797, 798-99 (10th Cir. 2000) (dismissing case for lack of diversity subject matter jurisdiction where plaintiff was a citizen of Colorado and defendant corporation was organized in Wisconsin with its principal place of business in Colorado). The Court therefore lacks subject matter jurisdiction over this case and will dismiss plaintiff's complaint without prejudice. *See Cunningham*, 427 F.3d at 1245.

For the foregoing reasons, it is

**ORDERED** that this case is dismissed without prejudice for lack of subject matter

---

[1]The complaint otherwise contains no basis upon which to conclude that defendant is a citizen of any state other than California. Moreover, defendant appears pro se and lists a California address.

jurisdiction.

DATED January 27, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge